UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DR. GERARD FINKEL, *as Chairman of the Joint
Industry Board of the Electrical Industry*

        Plaintiff,                            **MEMORANDUM AND ORDER**
                                                   10-CV-1559 (RRM)(JO)

        - against -

GB LEGEND ELECTRICAL CONTRACTORS
CORP., *doing business as*
Legend Electric,

        Defendant.

------------------------------------------------------------------X
**MAUSKOPF, United States District Judge.**

        Plaintiff commenced this action on April 8, 2010 against Defendant GB Legend Electrical Contractors Corp., doing business as Legend Electric ("Legend"), seeking certain relief in connection with Legend's alleged failure to make timely required contributions to various employee benefit funds over which Plaintiff is administrator and fiduciary.  The Summons and Complaint were duly served on April 16, 2010, with proof of such service filed with the Court on May 3, 2010.  (Doc. No. 2).  Defendant's Answer was due May 7, 2010.  To date, Defendant has failed to Answer.

        On June 2, 2010, Plaintiff moved for Entry of Default and for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2), (Doc. No. 3), which motion and lengthy supporting papers were duly served on Defendant that same day as evidenced by a Certificate of Service annexed to Plaintiff's moving papers.  (*Id*. at 25.)  On June 4, 2010, the Clerk of Court entered Defendant's default.  (Doc. No. 4.)  On June 7, 2010, the undersigned referred the motion for default judgment to Magistrate Judge James Orenstein.

On June 8, 2010, the Magistrate Judge issued an electronic Order directing the Plaintiff to submit to the Magistrate Judge any written materials in support of his request for damages and attorneys' fees, and to notify the court in the event Plaintiff wished to present witnesses in support of the application. The Magistrate Judge further directed that:

> [Plaintiff] [ ] serve a copy of this [electronic] order on the defendant and to electronically file proof of such service no later than June 15, 2010. Any defendant that wishes to make a submission in response must do so no later than July 6, 2010.

As required, and as evidenced by a Certificate of Service electronically filed on June 15, 2010 (Doc. No. 5), Plaintiff served on Defendant a copy of the above-referenced electronic Order on June 8, 2010.

On July 2, 2010, Plaintiff submitted a letter motion to supplement its original motion for default judgment, (Doc. No. 6), which letter motion the Magistrate Judge granted by electronic Order entered July 6, 2010.[1] To date, Defendant has not submitted anything in opposition to the entry of default, or the motion for default judgment.

On March 11, 2010, the Magistrate Judge issued a comprehensive Report and Recommendation ("R&R") (Doc. No. 7), addressing Plaintiff's request for liquidated damages, interest, attorneys' fees and costs. The Magistrate Judge clearly indicated in his R&R that any objections thereto made pursuant to Fed. R. Civ. P. 72 were to be filed by March 28, 2011. The R&R was duly served on Defendant as evidenced by the Certificate of Service filed on the electronic docket. (Doc. No. 10.)

On March 22, 2011, Andrew Jay Multer entered an appearance for Defendant. (Doc. No. 11.) On March 24, 2011, in a letter directed to the Magistrate Judge, Mr. Multer acknowledged that Defendant received the R&R prior to March 17, 2010, when Defendant first contacted him,

---

[1] Apparently, Plaintiff's original motion for default judgment mistakenly identified Legend as "Universal Electric Corp." And although not formally served, this letter motion appears to have been "cc'd" to Defendant by Plaintiff's counsel.

2

and requested on behalf of Defendant a two-week extension of time to file objections to the R&R. (Doc. No. 12). After conferring with chambers, Defendant renewed that request on March 28, 2011, in a letter to the undersigned, claiming his client "had no knowledge of this lawsuit until it received the Report and Recommendation." (Doc. No. 13). In both submissions, Mr. Multer claims that Defendant has made substantial payments to Plaintiff since the motion for default judgment was made. (Doc. Nos. 12, 13).

As discussed more fully below, Defendants' request for a two-week extension to submit objections to the Magistrate Judge's Report and Recommendation is DENIED. In addition, pursuant to 28 U.S.C. § 636(b) and Rule 72, the Court has reviewed the R&R for clear error and, finding none, concurs with the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007). As such, the Clerk of Court will be directed to enter Default Judgment against Defendant as specified below.

From the record as described above, Plaintiff has properly served Defendant on multiple occasions with various documents providing Defendant with notice not only of the instant lawsuit, but of the motion for default judgment, which has been pending for approximately nine months. At no time did Defendant interpose an appearance, Answer, or opposition to the motion for default judgment. In fact, the Defendant's default was properly noted by the Clerk of Court in June 2010, and stands as a valid default to this day. Given the procedural history of this matter and the late stages that it has reached, Defendant cannot suddenly decide it wishes to appear in this action, and pick up where the litigation has left off as if he were a party to this action throughout. As such, this Court finds that Defendant is not entitled to submit objections to the Report and Recommendation, and is certainly not entitled to delay this matter any further by

requesting an additional two-week period in which to seek relief, or for "the parties to meet and attempt to reach an amicable resolution." (*See* Doc. No. 12.)

Defendant is not without recourse. Defendant may seek relief either through a motion to set aside the default pursuant to Rule 55(c), which must be made upon a showing of good cause, or on a motion for relief from default judgment pursuant to the requirements of Rule 60(b).[2] But without the requisite showing under either of these Rules, Defendant cannot attempt to undo by objection to an R&R at the eleventh hour what has already been done by virtue of Defendant's long-standing default.

## CONCLUSION

The Court hereby Orders as follows:

1) Defendant's Motion for an Extension of Time to File Objections to the Report and Recommendation (Doc. No. 13) is DENIED;

2) The Magistrate Judge's Report and Recommendation (Doc. No. 7) is adopted in its entirety without objection; and

3) Default Judgment is hereby awarded in favor of Plaintiff and as against Defendant on all four causes of action in the total amount of $208,652.72, consisting of: $142,090.85 in unpaid contributions; $5,558.32 in interest on unpaid contributions; $2,665.26 in interest on late-paid contributions; $54,948.29 in liquidated damages; $2,978.00 in attorneys' fees; and $412.00 in costs. The Court further Orders Defendant to submit payroll reports and 401(k) plan reports for any weeks for which such reports have not yet been submitted.

---

[2] Rule 60(b)(5) allows for relief where "the judgment has been satisfied, released or discharged."

The Clerk of Court is directed to enter judgment accordingly, and to close the file.

SO ORDERED.

Dated: Brooklyn, New York
March 28, 2011

_____/s/_____
ROSLYNN R. MAUSKOPF
United States District Judge